**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL ANDREW SHIELDS, | No. 15-16372 |
| Plaintiff-Appellant, | D.C. No. 2:11-cv-03185-JAM-AC |
| v. | |
| SCOTT JONES; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted September 26, 2017**

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

California state prisoner Paul Andrew Shields appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs arising from his pretrial

detention.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004).  We affirm.

The district court properly granted summary judgment on Shields' claim against defendant Padilla in his individual capacity because, under any potentially applicable standard, Shields failed to raise a genuine dispute of material fact as to whether Padilla was deliberately indifferent in the treatment of Shields' Hepatitis C.  *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (in considering the conditions of pretrial detention, courts consider whether the conditions amount to punishment); *Toguchi*, 391 F.3d at 1057-58 (prison officials act with deliberate indifference only if they know of and disregard an excessive risk to inmate health; a difference of opinion between a prisoner and medical authorities regarding the appropriate course of treatment, negligence, or medical malpractice do not amount to deliberate indifference); *cf. Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-71 (9th Cir. 2016) (en banc) (setting forth elements of Fourteenth Amendment failure-to-protect claim by pretrial detainee).

The district court properly granted summary judgment on Shields' claims against defendants Padilla and Jones in their official capacities because Shields failed to raise a genuine dispute of material fact as to whether a policy or custom resulted in a constitutional violation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) (official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent"); *Dougherty*

2                                                              15-16372

*v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (setting forth elements for municipal liability under *Monell*).

The district court properly dismissed Shields' claims against defendants Cannon and Maness because, under any potentially applicable standard, Shields failed to allege facts sufficient to establish that Cannon or Maness was deliberately indifferent to Shields' Hepatitis C. *See Bell*, 441 U.S. at 535; *Toguchi*, 391 F.3d at 1057-58; *cf. Castro*, 833 F.3d at 1071; *see also Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011) (setting forth standard of review).

The district court did not abuse its discretion by denying Shields leave to amend because the proposed second amended complaint would not have cured the defects of the first amended complaint. *See Cervantes*, 656 F.3d at 1041 (setting forth standard of review and stating that "a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies").

The district court did not abuse its discretion by denying Shields' motion for appointment of counsel because Shields failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and exceptional circumstances requirement for appointment of counsel).

We reject as without merit Shields' contentions that the district court failed

to review the evidence favorably to him or apply correctly the relevant legal standards.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**